**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| WILLIAM HOWARD AND DAVID WRIGHT Individually and on behalf of all others similarly situated, )))) | Case No.: 2:19-cv-02640 |
| Plaintiffs, )) | Removed from the Wyandotte County Circuit Court |
| vs. ) | Case 2019-CV-000654 |
| ) | |
| CARAVAN FACILITIES MANAGEMENT, LLC ))) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant Caravan Facilities Management, LLC (hereafter, "Caravan") by its undersigned counsel, gives notice of removal of this case from the District Court of Wyandotte County, State of Kansas, in which it is currently pending, to the United States District Court for the District of Kansas, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support thereof, and for the purposes of removal only, Defendant states the following:

### I.   Factual Background

1. On August 27, 2019, Plaintiffs William Howard and David Wright ("Plaintiffs") filed a lawsuit in the District Court of Wyandotte County, State of Kansas entitled William Howard and David Wright, individually and on behalf of all others similarly situated vs. Caravan Facilities Management, LLC, which was assigned case number 2019-CV-000654 (hereafter, the "State Court Action") (See e.g. Exhibit 1 attached)

2. On September 23, 2019, Plaintiffs filed their Summons in the lawsuit. The Summons is attached as Exhibit 2.

3. The first notice received by Defendant of the State Court Action occurred on September 26, 2019, when the Summons and Amended Complaint were served upon Caravan's Registered Agent by certified mail (See e.g. Exhibit 3).

4. The Summons and Complaint constitute the only process, pleadings, or orders that have been filed in the State Court Action to date.

## II.   Federal Question Jurisdiction

5. This action is properly removable under 28 U.S.C. §1441(a) because this Court has original jurisdiction in this case under 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and 28 U.S.C. § 1337, which provides that the "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce….".

6. Plaintiff's Complaint alleges that this case arises under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b)[1] (Complaint at ¶31). By asserting claims under federal law, Plaintiff's Complaint asserts a federal question under 28 U.S.C. §§ 1331 and 1337 and this action is, therefore, removable pursuant to 28 U.S.C. §1441(a).

## III.   Defendant Has Met the Procedural Requirements for Removal

7. A true and correct copy of the Summons and Complaint filed in the District Court for Wyandotte County, State of Kansas, are attached to this Notice of Removal as Exhibits 1 and 2.

---

[1] Although 29 U.S.C. §216(b) states an action "may be maintained" in state court, the statute does not bar removal of a suit containing FLSA claims from state to federal court under 28 U.S.C. §1441. *See Breuer v. Jim's Concrete of Brevard, Inc.,* 538 U.S. 691, 695 (2003).

8. The District Court for Wyandotte County, State of Kansas, in which this action was initially commenced, is within this Court's jurisdiction and division.

9. Notice of the removal of this action has been given to the District Court for Wyandotte County, State of Kansas, concurrent with the filing of this notice with the Court. A copy of that Notice (without the exhibits referenced therein) is attached as Exhibit 4. Promptly upon filing this Notice of Removal, Defendant shall also give written notice to Plaintiff.

10. Removal is timely, pursuant to 28 U.S.C. §1446, if it is filed within 30 days after service of the summons and the initial pleading. Caravan is timely filing this removal within 30 days of September 26, 2019, which is the date that it was served with the Summons and Complaint. Promptly upon filing this Notice of Removal, Defendant shall give written notice to Plaintiff and shall file a copy of this Notice of Removal with the Clerk of the District Court of Shawnee County, Kansas.

11. Caravan preserves all other bases for removal of this action to this Court.

12. Because the Court has original jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331, 1332, and 1446, and because all other prerequisites for removal of this case to the Federal Court have been fulfilled, this matter may be removed to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1441.

Dated October 17, 2019

Respectfully submitted,

/s/ Katherine Paulus
Katherine Paulus   KS #23866
OGLETREE DEAKINS, NASH, SMOAK & STEWART, PC
4520 Main Street, Suite 400
Kansas City, MO 64111
816.471.1301
816.471.1303 (*Facsimile*)
katherine.paulus@ogletree.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Patrick G. Reavey   KS #17291
Kevin C. Koc   KS #24953
REAVEY LAW LLC
Livestock Exchange Building
1600 Genessee, Suite 303
816.474.6300
816.474.6302 (*Facsimile*)
patrick@reaveylaw.com
kkoc@reaveylaw.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Katherine Paulus
**ATTORNEY FOR DEFENDANT**

40255329.1

4