IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM HOWARD AND DAVID WRIGHT Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CARAVAN FACILITIES MANAGEMENT, LLC <br><br> Defendant. | Case No.: 2:19-cv-02640 |

## THE PARTIES' JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND APPROVAL OF ATTORNEY FEE

Plaintiffs William Howard and David Wright ("Named Plaintiff"), on behalf of themselves and the individuals who joined this action under 29 U.S.C. § 216(b) (collectively referred to as "Opt-In Plaintiffs"), by and through Class Counsel, as well as Defendant by and through its counsel, respectfully submit this Unopposed Motion for Approval of Collective Action Settlement and Memorandum in Support. Plaintiffs move for an order approving the proposed settlement in this case (which includes an award of attorney's fees) attached as **Exhibit A**. In support of this unopposed motion, Plaintiffs state as follows:

**I.   BACKGROUND**

   **A. The Litigation**

The matter before the Court is a request for approval of an FLSA settlement in the above captioned matter. Named Plaintiffs and Opt-In Plaintiffs were formerly employed by Caravan. On September 29, 2019, Named Plaintiffs commenced this action in Wyandotte County District

1

Court. The matter was subsequently removed to the United States District Court for the District of Kansas. Plaintiffs allege that Caravan failed to properly compensate them for all hours worked under the Fair Labor Standards Act ("FLSA"). In particular, at issue was the compensability of pre-shift time, including walking time, preliminary duties (including donning and doffing) and time spent working during an unrelieved lunch break. On June 15, 2020, the Court conditionally certified the Lawsuit as a "collective action" under the FLSA and approved the issuance of notice to allegedly similarly situated employees. The period for opting into the Lawsuit closed with a total of five additional parties opting in: John Gaines, Dana Mann, Lucas Newton, Anthony Reyes and Brian Williams.

### B. The Settlement

The Parties have engaged in arms-length negotiations, including mediation on September 14, 2020, before mediator Ann Molloy. At that mediation, prior to which was a pre-mediation exchange of legal theories and damages assessments, the parties agreed to resolve this dispute under the terms set forth in this Agreement. Caravan strongly disputed, and continues to dispute, Plaintiffs' allegations that they were not paid all wages due and it denies all liability under the FLSA or any other wage and hour law. In particular Caravan *cited Integrity Staffing Solutions v. Busk*, 135 S. Ct. 513 (2014) and *Castaneda v. JBS USA*, 819 F.3d 1273, 1249 (10th Cir. 2016), as well as Section 203(o) of the FLSA, to challenge the compensability of preliminary duties. Defendant also produced data that suggested the amount of time spent on alleged preliminary tasks varied between Plaintiffs and was less than that claimed by Plaintiffs.

During the process of a robust day of mediation which evaluated the applicability of various legal theories and the amount of time that the opt-in plaintiffs worked during the

applicable class period, the parties reached a settlement of this case totaling $26,600, of which $19,777.95 will be distributed to the Named Plaintiffs and Opt-in Plaintiffs.

The settlement balances the benefits of settlement with the costs, risks, and delay of continued litigation. Plaintiffs and their counsel believe the settlement as provided in this Agreement is in the best interests of the Plaintiffs and represents a fair, reasonable, and adequate resolution of the Lawsuit. Each opt-in plaintiff will receive an average of $2,825 dollars. The actual distribution of that amount will be calibrated based on the number of shifts worked during the class period by each class member. Plaintiffs assert that they worked, at a minimum, approximately ten to fifteen minutes a day that they were not paid for. The amount of the settlement is equal to the amount of aggregate back wages that would be due each employee were to have been paid for *more* than an additional 15 minutes of time a day, plus compensation to a smaller group of Plaintiffs who had thirty minutes of lunches scheduled, but who allegedly did not receive adequate relief from their duties (Defendant disputes Plaintiffs' claims about the adequacy of this relief) to render the time non-compensable. Plaintiffs therefore believe the settlement is fair and reasonable, as it potentially reflects a greater recover than may have been obtained at trial, and such amount was paid despite the ***Busk*** defense and the 203(o) issue, which could have resulted in Plaintiffs taking nothing.

The two named Plaintiffs in this case are also scheduled to each receive a $750 service award representing their time and effort to bring this matter and for their participation in the litigation and mediation of this case.

### C. Attorneys' Fees Award

The settlement of this case provides for a total of $6,600 to Plaintiff's counsel, Reavey Law LLC, and $222.05 for case costs. The total billable time spent on this case to date, including

mediation is approximately fifty hours for an effective hourly rate of $132 (which amount reflects much less than the ordinary hourly rate billable by attorneys Reavey and Koc. Based on the Court's knowledge and experience, it can recognize this is not only a reasonable attorneys' fee, but that it represents a great value for the class compared to regular market prices for the time spent in the case. The attorney fee amount reflects 33% of the total.

## II.     ARGUMENT

### A. The Court Should Grant Final Approval of the Proposed Settlement

#### *1. Final Settlement Approval Standard Under the FLSA*

The FLSA does not expressly require judicial approval of a collective action settlement. After the parties stipulated to conditional certification of Plaintiffs' FLSA claims, five additional opt-ins affirmatively consented to join the action and are parties to the action pursuant to 29 U.S.C. § 216(b), delegating to the Named Plaintiffs authority for making decisions about the collective action, including decisions about settlement. (*See e.g.,* Notice of Consents to Join, Docs. 8-Exhibit A, 30-35).[1] Nevertheless, because an FLSA claim cannot be released without (1) court approval, or (2) the United States Department of Labor administering the settlement, litigants typically seek court approval before dismissing their claims with prejudice and are thus doing so here. *See, e.g., Gambrell v. Weber Carpet, Inc.* 2012 WL 162403 (D. Kan. 2012).

Review of a settlement under the FLSA is different than Rule 23(e). Courts only review the proposed settlement to determine if it "is fair and reasonable resolution to a bona fide dispute over FLSA provisions." *See, e.g., Chappell v. Copper View Animal Hosp.,* No. 1:17-MC-52, 2017 WL 5172392, at *2 (D. Utah May 26, 2017); *Robles v. Brake Masters Sys.,* 2011 U.S. Dist. LEXIS

---

[1] There was a total a total of twelve identified putative class members.

14432, at *51 (D.N.M. Jan. 31, 2011) (quoting *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

The settlement here easily passes this test. As discussed above, the parties have several disputes about the law and its application in this case. Moreover, the parties and their counsel believe this is a fair and reasonable settlement considering the average amount available to be distributed to each class member compared against the costs and risks of ongoing litigation.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully ask the Court for a Minute Order granting final approval of the Settlement attached as **Exhibit A.**

Respectfully Submitted,

**REAVEY LAW LLC**

By: */s/Kevin C. Koc*
    Patrick G. Reavey KS# 17291
    Kevin C. Koc KS# 24953
    Livestock Exchange Building
    1600 Genessee Suite 303
    Kansas City, MO 64102
    Ph: 816.474.6300
    Fax: 816.474.6302
    Email: preavey@reaveylaw.com
    Email: kkoc@reaveylaw.com
    Website: www.reaveylaw.com

and

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PC

By: /s/Chris Pace.
    Chris Pace, KS #17178
    Daniel G. Cohen
    4520 Main Street, Suite 400
    Kansas City, MO 64111
    Ph: 816.471.1301
    Fax: 816.471.1303

**ATTORNEY FOR DEFENDANT**